UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Henry Pierce**, | ) | C/A No. 4:11-2972-TLW-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| **Derrick Sentell Smith**, individually and in his official capacity as Police Officer for the City of Marion Police Department; **Franklin Delano Brown Jr.**, individually and in his official capacity as Police Officer for the City of Marion Police Department; **Ernie Grace**, individually and in his official capacity as Police Officer for the City of Marion Police Department; **Michael Haberstich**, individually and in his official capacity as Police Officer for the City of Marion Police Department; **Simon Brown**, individually and in his official capacity as Police Officer for the City of Marion Police Department; **Michael Hartson**, individually and in his official capacity as Police Officer for the City of Marion Police Department; **Willie L. Smith**, individually and in his official capacity as Chief of the City of Marion Police Department; **Marion County Detention Center**; **Paul James**, individually and in his official capacity as Director of the Marion County Detention Center; **G. Timothy Harper**, individually and in his official capacity as a member of the Marion County Council; **Marion County**; **John Q. Atkinson**, individually and in his official capacity as a member of the Marion County Council; **Buddy Collins**, individually and in his official capacity as a member of the Marion County Council; **Simon Jenkins**, individually and in his official capacity as a member of the Marion County Council; **Thomas E. Shaw**, individually and in his official capacity as a member of the Marion County Council; **Milton W. Troy II**, individually and in his official capacity as a member of the Marion County Council; **Elista H. Smith**, individually and in his official capacity as a member of the Marion County Council; **Allen W. Floyd**, individually and in his official capacity as a member of the Marion County Council; **City of Marion**, | ) | Report and Recommendation (partial summary dismissal) |
| Defendants. | ) | |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

In the Complaint filed in this case, Plaintiff alleges that on September 28, 2010, he was falsely arrested and subjected to excessive force and cruel and unusual punishment by poorly trained members of the City of Marion's police department. He names several City of Marion police officers, Marion County officials and council persons, and the City of Marion as Defendants. He also names the Marion County Detention Center (MCDC) as a Defendant even though he makes no specific allegations of wrongdoing against the MCDC itself. He claims that the various Marion County officials have authority over policies at MCDC. Plaintiff seeks compensatory and punitive damages.

**Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to one Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **Analysis**

Defendant MCDC should be dismissed as a party in this case because it does not qualify as a person subject to potential liability to Plaintiff. In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person

amenable to suit."). MCDC is a building or group of buildings and an inanimate object. It is not a person and, therefore, it cannot be liable to Plaintiff under § 1983 or any other federal statute. Plaintiff's allegations fail to state a claim on which relief can be granted against MCDC.

### **Recommendation**

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* as to Defendant MCDC only. The Complaint should be served on the remaining Defendants. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

Plaintiff's attention is directed to the important notice on the next page.

  s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

March 7, 2012
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).